**UNITED STATES of America, Appellee,**

*v.*

**David PARDUE, Appellant.**

**No. 91–2290.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1991.

Decided Jan. 4, 1993.

Rehearing and Rehearing En Banc Denied Feb. 16, 1993.

Phillip A. Moon, Fayetteville, AR, argued, for appellant David Pardue in No. 91–2290.

Jennifer Horan, Fayetteville, AR, argued, for appellee Michel Pardue in Nos. 91–2307 and 91–2388.

John Wesley Hall, Jr., Little Rock, AR, argued, for appellee Jack Pardue in Nos. 91–2307 and 91–2388.

Vicki S. Marani Washington, DC., argued (J. Michael Fitzhugh and William M. Cromwell, on the brief), for the U.S. in Nos. 91–2290, 91–2307 and 91–2388.

Before LAY,[*] Chief Judge, WOLLMAN and HANSEN, Circuit Judges.

PER CURIAM.

The facts in this case are fully set forth in our companion opinion filed this date involving Michel and Jack Pardue. *See United States v. Jack Pardue; Michel Pardue,* Nos. 91–2307/2388, 983 F.2d 835. David Pardue appealed his conviction for (1) conspiracy to use interstate commerce facilities in connection with murder for hire under 18 U.S.C. § 371 (1988), engaging in or aiding and abetting interstate travel in connection with murder for hire under 18 U.S.C. § 1958(a) (1988), and use of the mails in connection with murder for hire under 18 U.S.C. § 1958(a). He claims that his conviction must be reversed because an individual cannot conspire with himself or a government agent. He urges that because the district court acquitted Michel Pardue and Jack Pardue, there was nobody with whom to conspire. We find no merit to this claim now that the judgment of acquittals for both Michel and Jack Pardue have been reversed. David Pardue also claims the district court erred in permitting evidence of David's prior misconduct. He fur-

[*] The HONORABLE DONALD P. LAY was Chief Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted and took senior status on January 7, 1992, before the opinion was filed.

ther argues that his due process rights were violated by the government's outrageous conduct.

We find no prejudicial error in the conviction of David Pardue.

JUDGMENT AFFIRMED.